```
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
```

NO. 5:09-HC-2132-BO

| | |
|---|---|
| WALTER WILLIAM DAVIS, )<br>     Petitioner, )<br>            )<br>v.           )<br>            )<br>ALVIN W. KELLER,    )<br>     Respondent. ) | O R D E R |

Walter William Davis, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Alvin W. Keller ("Respondent") moved to dismiss the complaint as untimely and filed outside the statute of limitation. 28 U.S.C. § 2244(d)(1). Petitioner has responded (D.E. # 11), and the matter is ripe for determination.

Petitioner is a prisoner of the State of North Carolina. He attacks his June 13, 2002, conviction after a jury trial. Robert Cooper represented petitioner at trial. At trial, petitioner was found guilty of two counts of robbery with a dangerous weapon and one count of second-degree kidnaping. He also pled guilty to habitual felon status. Petitioner was sentence to a consolidated term of life imprisonment.

On appeal, petitioner was represented by Haakon Thorsen. On July 15, 2003, petitioner's appeal to the North Carolina Court of Appeals was denied after finding no error. On December 4, 2003, the Supreme Court of North Carolina denied certiorari and dismissed his appeal. On January 20, 2004, petitioner dated a *pro se* Motion for Appropriate Relief (MAR) and submitted it to the Superior Court of Cumberland County. On May 18, 2004, the MAR was summarily denied by entry of a court order. On October 20, 2004, petitioner signed a second *pro se* MAR in the Superior Court of Cumberland County which was denied on August 2, 2005. On March 16, 2009, petitioner field a *pro se* mandamus petition in the North Carolina Court of Appeals

challenging the failure to adjudicate his second MAR. On March 24, 2009, the mandamus was denied. On May 22, 2009, petitioner dated a third *pro se* MAR in the Superior Court of Cumberland County which was denied on February 9, 2010. While the third MAR was pending, on August 26, 2009, petitioner filed a *pro se* mandamus petition in the North Carolina Court of Appeals again claiming his MAR (this time his third MAR) had not been adjudicated. The mandamus was denied on September 10, 2009. On October 2, 2009, petitioner dated this federal habeas application.

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application .. is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the

2

pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Therefore, petitioner's filing became final on direct review 90 days after the order of the Supreme Court of North Carolina denying discretionary review of the direct appeal and dismissing the appeal, i.e., Wednesday, March 3, 2004. See United States Supreme Court Rule 13.1 and Clay v. United States, 537 U.S. 522, 527 (2003); but see Lawrence v. Florida, 549 U.S. 327, 331-336 (2007). However, on that date (March 3, 2004), petitioner's first MAR was pending and the statute of limitation was tolled until that MAR's denial on May 18, 2004. The statute of limitation then began to run and ran for 155 days when the second MAR was signed on October 20, 2004. The statute started running again when that MAR was denied on August 2, 2005. The one year period fully expired 210 days later on February 28, 2006. During the time the statute was running, no post-conviction filings were made. Petitions filed after the expiration of the one-year AEDPA limitations period "cannot revive a period of limitation that has already run." Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) (citing Minter v. Beck, 230

3

F.3d 663 (4th Cir. 2000)). Therefore, the petition is time-barred. Neither the May 21, 2009, MAR nor any of the subsequent filings could toll the matter because the one-year period had expired prior to these filings.

Accordingly, Respondent's Motion to Dismiss the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED.

SO ORDERED, this 13 day of January 2011.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE